UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAMAR EWING,
    Plaintiff,

vs.

JERRY BALDWIN, et al,
    Defendants.

08CV4427
**JUDGE HOLDERMAN**
**MAGISTRATE JUDGE KEYS**

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
REQUEST FOR INJUNCTIVE RELIEF

Now comes, Lamar Ewing, the pro se plaintiff, and hereby submits this memorandum of law in support of his request for injunctive relief, and states as follows:

STATEMENT OF CASE

This action is filed under U.S.C. Section 1983 of Title 42 by a state prisoner at the Stateville Correctional Center where the claim accrused. The plaintiff seeks a declaratory judgment, monetary damages, and injunctive relief enjoining the defendants to provide plaintiff with reasonable safety, by housing plaintiff in approved protective custody.

## STATEMENT OF FACTS

As set forth in plaintiff's affidavit and evidentiary exhibits attach thereto his motion for an temporary restraining order, the defendants in this cause are denying plaintiff protective custody placement. The plaintiff has been sexual and physically assaulted, and threatened numerous of times after being denied protective custody placement in Menard Correctional Center from the years 1995 to 1998. The plaintiff sought judicial relief in the United States District Court for the Southern District of Illinois where after an hearing was held in regards to plaintiff's request for injunctive relief prison officials voluntarily conceded to plaintiff's request for protective custody, and thereby provided placement. The defendant's have infringed upon that concession by denying plaintiff protective custody placement while knowing of the plaintiff's prior extensive history of victimization and numerous protective custody placements at all maximum security institutions. The defendants herein yet contend that plaintiff is not entitled to protective custody.

## ARGUMENT

The Eighth Amendment as incorporated by the Due Process Clause of the Fourteenth Amendment, prohibits a state from inflicting cruel and unusual punishment, Sanitago v. Lane, 894 F.2d 218 (7th Cir. 1990), Estelle v. Gamble, 429 U.S. 97, 104 (1976). The Eighth Amendment prohibition against cruel and unusual punishment has been expanded under

the Due Process Clause of the Fourteenth Amendment to impose upon a state correctional officer and official the obligation to take reasonable steps to insure the safety of inmates including harm done by one inmate to another, Farmer v. Brennan, 114 S. Ct. 1970, 1976-77 (1994) But an Eighth Amendment violation exists only if deliberate indifference by officials effectively condones the attack by allowing it to happen. Langston v. Peters, 100 F.3d 1237 (7th Cir. 1996) quoting, Haley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996) Langston Id., again quoting Haley to amplify that standard.

> "Deliberate indifference in the prison context requires First, the danger to the inmate must be objectively serious, posing a substantial risk of serious harm. Second, the prison official must have a sufficiently culpable state of mind -- one of deliberate indifference to the inmates health and safety, Haley, 86 F.3d at 640-41, (citing Farmer, 511 U.S. at ___, 114 S. Ct. at 1977.) It is not enough that the official should know of a substantial risk or that a reasonable officer in the same situation would have known of the risk. Id (quoting Farmer, 114 S. Ct. at 1979)."

In other words, the official must both be aware of the fact from which the inference could be drawn that a substantial risk of harm exists, and he must also draw that inference Farmer, 511 U.S. at 837. In failure to protect cases, a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison official about a specific

threat to his safety. Pope v. Shafer, 86 F.3d 90, 92 (7th Cir. 1996).

Plaintiff has set forth facts showing not only deliberate indifference to his past necessity for protective custody, where he was both phsically and sexually assaulted repeatedly before officials voluntarily conceded to plaintiff's request for protective custody placement, but also facts that show once again that the defendants herein are being deliberately indifferent to plaintiff's safety by once again placing plaintiff at substantial risk of harm while knowing of the existance of risk of harm and the on going vendetta by known violent prison gangs, yet defendants have abruptly denied plaintiff protective custody, which seriouly conflicts with prison officials numerous prior approvals of protective custody placement.

The United States Supreme Court's decision in Farmer stands firmly for the principle that an inmate does not have to wait for the occurrence of a "tragic event" in order to receive injunctive protection from the court. Id. at 845. The facts before the Court establish that plaintiff's prior dealings with prison gang members, including an argument with a known gang chief at Stateville prison began an history of victimization upon the plaintiff at the hands of general population inmates and the passing of information to a court appointed investigator about inmate gang members participation in an stabbing incident, has created an accute and immediate danger to plaintiff if he is released to the general population. Moreover, the plaintiff's current health conditions of being an chronic asthmatic

and the possible occurrence of trama to his right eye causing blindness compounds the substantial risk based upon the facts of this case. Surely the United States Supreme Court intended a legal action for injunctive relief against prison officials is not precluded, and a court's ordering protection where the threat of physical and sexual assaults exists.

The plaintiff's past injuries and threats of harm are supported by the record and future harm is not speculative. The record establishes that the Disciples have retaliated and will continue to retaliate against plaintiff, because of an argument plaintiff had with a known gang chief and the giving of information to a court appointed investigator. Plaintiff has a documented history of physical and sexual abuse. This is not a case of mere apprehension or groundless worry.

The facts on the record are sufficient to establish a claim for injunctive relief, United States v. Rural Electric Convenience Cooperative Co., 922 F.2d 429, 432 (7th Cir. 1991).

The plaintiff incorporates the certified allegations of his affidavit as if fully stated

The Fed. R. Civ. P. Rule 65(b) states that " a temporary restraining order, which is for no more than ten days and is issued without notice to the adverse party, shall not be issued unless it clearly appears from the facts shown by affidavit or by verified complaint that immediate   and

irreparable injury, loss or damage will result to the applicant before the adverse party or that parties attorney can be heard in opposition."

The fact are clearly outlined in plaintiff's complaint, affidavit, and supporting evidentriary exhibits. That the act or omissions of the defendants have and continue to place plaintiff at a substantial risk of serious harm, and in fact serious harm has already befallen plaintiff repeatedly.

Plaintiff has no adequate remedy at law in which he can redress these issues. Plaintiff has filed many institutional grievances and exhausted those grievances to the administrative body, written letters, verbally conferred with prison official, and advised the defendants attorney, Attorney General of Illinois, Lisa Madigan by written correspondence, only to be ignored or non-responsive. Or to be denied the protection plaintiff is constitutionally entitled. It cannot be disputed that plaintiff has already had to suffer immediate danger both physically and mentally, irreparable harm can and will befall plaintiff if the defendants are allowed to continue to commit acts or omissions that will place plaintiff in the general prison population. As outlined in his argument, plaintiff's right under the Eighth Amendment to protection from a known substantial risk of serious harm is well established, and the defendants have had such overwhelming evidence by institutional medical staff reports, investigative reports, by formal complaints of plaintiff to both institutional, and administrative body, and the judiciary, that the likelihood of success on the merits cannot be doubted.

6

With these two requirement met, and their threshold met, it is now up to this Court to consider, (a) whether the irreparable harm to the party seeking injunctive relief outweighs any irreparable injury that the nonmoving party will suffer if the injunction is issued, and (b) the Impact on the public interest.

It cannot be deny that only the plaintiff has any risk of irreparable harm. The defendants cannot suffer any injury by affording the plaintiff the protection he is constitutionally entitled from fellow prisoners. And lastly, there can be no adverse impact to the public Interest, the public is best served by protecting those lawfully confined in our nations prisons.

The purpose of injunctive relief is to halt an ongoing irreparable injury or to prevent an impending irreparable injury for which there is not an adequate remedy at law. The plaintiff has shown that the conduct of the defendants has been deliberately indifferent to the plaintiff's past, present and future safety. The plaintiff has suffered irreparable harm in the past because of prison officials conduct and while having knowledge of that past the defendants conduct has yet again place the plaintiff in a position to face irreparable harm.

7

WHEREFORE, for the foregoing reasons, plaintiff requests that this Court issue a temporary restraining order upon the defendants, directing to afford plaintiff prompt and adequate protection by immediately placement in approved protective custody until this matter can be heard before this Court on a Preliminary Hearing For Injunctive Relief.

Respectfully submitted,

Date __7-27-08__

*Lamar Ewing*
Lamar Ewing
N-02620
Stateville Correctional Center
P.O. Box 112
Joliet, Illinois 60434

8