# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4427 | **DATE** | August 11, 2008 |
| **CASE TITLE** | Lamar Ewing (N-02620) vs. Baldwin, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [3] is denied. Plaintiff is given 30 days from the date of this order to pay the $350 filing fee. If Plaintiff does not pay the $350 filing fee within 30 days, the Court will enter judgment dismissing this case in its entirety. *See* N.D. Ill. Local Rule 3.3(e).

■[For further details see text below.]                                Docketing to mail notices.

# STATEMENT

Plaintiff, Lamar Ewing, a prisoner at Stateville Correctional Center, seeks to bring this *pro se* civil rights action without prepayment of the filing fee. Plaintiff has filed more than three federal civil actions that have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. These include: *Ewing v. Kinsella*, No. 96 C 4931, and *Ewing v. Godinez*, No. 96 C 4392, both dismissed by this Court on October 31, 1996; *Ewing v. Kahn*, No. 97 CV 0008, S.D. Ill., dismissed June 19, 1997; and *Ewing v. Carroll*, No. 97 CV 0146, S.D. Ill., dismissed on June 23, 1997. Under 28 U.S.C. § 1915(g), Plaintiff may not bring a civil action in federal court unless he is "under imminent danger of serious physical injury."

Plaintiff acknowledges that Section 1915(g) applies to him, but claims that he is in imminent danger of serious physical injury, and has filed a motion for a temporary restraining order together with his complaint. The Court has reviewed the allegations as it is required to do, and finds that Plaintiff does not qualify under the "imminent danger" exception to Section 1915(g).

Plaintiff alleges that he has a history of being physically and sexually assaulted by gang members and cellmates and has been placed in protective custody in several prisons because of the danger of such assaults. In 1985 Plaintiff was assaulted after arguing with a known gang member. Plaintiff was moved to the Menard Correctional Center where he was physically and sexually assaulted by his cellmate in 1996 and was stabbed while sleeping in 1997. In July 2004, while incarcerated at Stateville Correctional Center, Plaintiff was struck by another inmate several times with a crutch. Plaintiff remains incarcerated and has been transferred among Stateville Correctional Center, Menard Correctional Center, and Pontiac Correctional Center. During some of his incarcerations at these different prisons, Plaintiff has been intermittently placed in protective custody.

In October 2007, Plaintiff was transferred to Stateville Correctional Center where he was denied placement in protective custody. On April 30, 2008, Plaintiff was moved to different unit but has been denied placement in a protective custody unit as late as July 2008. Plaintiff alleges that the Defendants are violating

## STATEMENT

the Eighth Amendment by failing to protect him from a known risk of physical harm based on the history of threats and assaults against him.

The "imminent danger" exception to Section 1915(g) is available "for genuine emergencies," where the threat of harm is "real and proximate" at the time the complaint is filed. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Plaintiff is presently incarcerated at Stateville Correctional Center. Plaintiff was assaulted at Stateville in July 2004 (this is also the last assault at any prison included in Plaintiff's complaint). The last threat Plaintiff includes in his complaint occurred in September 2007 at Pontiac Correction Center by an inmate that was being transferred to Menard Correctional Center, who stated that he hopes Plaintiff "come[s] to Menard than we got your ass." Plaintiff's allegations fail to meet the "imminent danger" standard.

Based on the above, Plaintiff's motion to proceed *in forma pauperis* is denied. Plaintiff is given 30 days from the date of this order to pay the $350 filing fee. If Plaintiff does not pay the $350 filing fee within 30 days, the Court will enter judgment dismissing this case in its entirety. *See* N.D. Ill. Local Rule 3.3(e).