FILED
AUG 2 5 2008
AUG 25 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAMAR EWING,

    Plaintiff,

v.

JERRY BALDWIN, et al.,

    Defendants.

No. 08-C-4427

Honorable James F. Holderman
Judge Presiding

## MOTION TO RECONSIDER FORMA PAUPERIS STATUS

Now comes, Lamar Ewing, the pro se Plaintiff, and respectfully moves this Honorable Court to reconsider its denial of Plaintiff's request to proceed in forma pauperis, entered in its order of August 11, 2008.

In support thereof he states:

### STATEMENT OF FACT'S

The Plaintiff, Lamar Ewing, a state prisoner at Stateville Correctional Center, sought to bring a pro se civil rights action against the Defendants for failure to protect in that, prison officials are knowingly and unreasonably disregarding an objectively intolerable risk of harm to him, and also has filed a motion for a temporary restraining order together with his complaint. The Plaintiff acknowledged that Section 1915(g) applies to him, yet claims that he is in imminent danger of serious physical injury. This Court on August 11, 2008, entered its order that, Plaintiff does not qualify under the "imminent danger" exception to Section 1915(g).

## GROUNDS FOR RELIEF

The Plaintiff contends that, where he brought this action seeking monetary and injunctive relief based on the claim that, the Defendants are knowingly and unreasonably disregarding an objectively intolerable risk of harm to him and will continue to do so. Where the Defendants conduct and attitude post date the pleadings, Plaintiff has established eligibility for the "imminent danger" exception to Section 1915(g), and this Court has erred in its denial of Plaintiff's motion to proceed in forma pauperis where the Court did not adhere to the established principles of reviewing pleadings.

## ARGUMENT

1) The Court's finding that, the allegations of the Plaintiff pleadings are insufficient to qualify Plaintiff under the "imminent danger" exception to Section 1915(g), misapplies the facts, clearly established jurisprudence and ignores the pertinent allegations of threats of physical harm and supporting evidentiary exhibits attached as part of Plaintiff's pleadings. See Federal Rule Civil Procedure, Rule 10(c). Moreover, in determining whether the Plaintiff's allegations are sufficient to satisfy the "imminent danger" exception to Section 1915(g), this Court was required by clearly

established jurisprudence to " assume that all well-pleaded allegations are true and draw all reasonable inferences in the light most favorable to the Plaintiff." Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999), cert. denied 530 U.S. 1244, 120 S. Ct. 2691, 147 L. Ed. 2d 962 (2000). This rule has particular force when court's review the allegations of a pro se complaint, which are held " to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

2) With the above principles in mind. The Constitution imposes on jail officials a duty to take reasonable measures to guarantee the safety of inmates and to protect them from harm at the hands of others. Boyce v. Moore, 314 F.3d 884, 889 (7th Cir. 2002), quoting Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); See also, Walsh v. Melas, 837 F.2d 789 (7th Cir. 1988). Moreover, in failure to protect cases, a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety. Pope v. Shafer, 86 F.3d 90 (7th Cir. 1996).

3) The United States Supreme Court's decision in <u>Farmer</u>, stands firmly for the principle that, an inmate does not have to wait for the occurrence of a "tragic event" in order to receive injunctive protection from the court. Id at 845.

4) Contrary to this Court's findings in its August 11, 2008, order that, Plaintiff was assaulted at Stateville in July 2004 (this is also the last assault at any prison included in Plaintiff's complaint). The last threat Plaintiff included in his complaint occurred in Septmber 2007 at Pontiac Correctional Cente by an inmate that was being transferred to Menard Correctional Center, who stated that he hoped Plaintiff "comes to Menard than we got your ass." Id. The record does not support the Court's conclusions.

5) The facts Plaintiff brought before this Court, and of which this Court has failed to include in its review and finds are:

> Plaintiff's prior dealings with Disciple gang members, including an argument with a known gang chief at Stateville began a history of victimization upon Plaintiff at the hands of general population inmates; that the threats of physical harm have been continuous as set forth in Plaintiffs' protracted affidavit attached to his complaint,

4

and the affidavit of Mr. Andrew Lamon, marked "Exhibit I" which clear illustrate that threats occurred as late as March 2008, contrary to the unsupported finding of the Court of September 2007; Plaintiff's grievance dated March 26, 2008, marked "Exhibit H2" illustrates that, inmate Albert Woodland who is a Known Disciple gang member acknowledged that he was awhere of Plaintiff history as was told to him by fellow Disciple gang members; Plaintiff sat forth in his attached affidavit at paragraph 27, a similar confrontation with inmate James Field who is also a Disciple gang member; the passing of information to a court appointed investigator about Disciple gang members participation in an stabbing incident that oscurred in Stateville Correctional Center, "Exhibit C2", Plaintiff affidavit at paragraphs 15-17, has created an accute and immediate danger to Plaintiff if he is forced into the general population.

6) The Plaintiff past injuries due to assaults and continuous threats of harm are supported by the record and future harm is not speculative. The record establishes that the Disciple gang members have retaliated and will continue to retaliate against the Plaintiff due to an argument with one of their gang chief's and the giving of information to a court appointed investigator. Plaintiff has a

5

documented history of physical and sexual abuse. This is not a case of mere apprehension or groundless worry.

7) The record establishes that the Defendants have repeatedly and continously denied Plaintiff reasonable protection by placement in approved protective custody. Exhibits C, C1, C2, D, F-F3, see also Plaintiff's complaint at paragraph 5.

8) Applying the afore stated legal principles to the case before this Court and the authorities of Section 1915 (g), Fed. R. Civ. P., Rule 10 (c), Henderson, supra; and Haines, supra. It cannot be refuted by the record at this stage of proceedings that the "imminent danger" exception has been met where this Court is required to assume that all well-pleaded allegations are true and draw all reasonable inferences in the light most favorable to the Plaintiff. Moreover, this Court has excluded relevant and pertinent allegations from its analysis and findings as set forth herein, and also facts and allegations of exhibits attached to Plaintiff's complaint. Fed. R. Civ. P., Rule 10 (c) states in relevant part: " A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Id.

9) In Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002), the Seventh Circuit while analyzing the list of options a prisoner has who suffers a "threat" to (or deprivation of) fundamental rights has ready access to the courts. Noted, "Option 7, which allow suit without prepayment when the prisoner is under imminent danger of serious physical injury, can serve its role as an escape hatch for genuine emergencies only if understood reasonably. If limited to situations in which, say, a beating is ongoing, no prisoner will find solace, once the beating starts, it is too late to avoid the physical injury, and once the beating is over the prisoner is no longer in "imminent danger" and so could not use this proviso to seek damages (though with a solid claim for damages the prisoner would have an easier time pursuading a lawyer to advance the filing fee). Reading the imminent danger language this way would make it chimerical, a cruel joke on prisoners. The imminent danger language must be read instead as having a role in those cases where time is pressing and the prisoner is unable to pursue the other options in our list. When a threat or prison condition is real and proximate, and when the potential consequences is "serious physical injury," then the courthouse doors are open even to those who filed three frivilous suits and do not have a penny

7

to their name." Id at 531.

10) Applying the rationale of the <u>Lewis</u> court to the case at bar, would be controling and instructive. The Plaintiff will find no solace, once another assault is performed upon him at the hands of general population inmates, it will be too late to avoid physical injury, and once the beating is over Plaintiff will no longer be in "imminent danger". Id. However, the imminent danger language must be read instead as having a role in those cases where time is pressing. Id. Here, the Plaintiff has set forth allegations that the Defendants have already denied him protective custody placement for an consecutive time on, June 22, 2008, and that based upon the past conduct and attitudes of Defendants Anderson and Walker Jr., will condone the acts of their subordinates. Therefore, Plaintiff will be again forced into general population.

WHEREFORE, for the reasons stated herein Plaintiff prays this Court to reconsider its prior ruling and review all the allegations set forth in the pro se complaint and the attached exhibits under the pleading principles set forth herein.

Respectfully submitted,

Lamar Ewing

Lamar Ewing

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAMAR EWING,  )
Plaintiff,  )
                )   Case No. 08-C-4427
v.              )
                )
JERRY BALDWIN, et al.,  )
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: Michael W. Dobbins, Clerk
United States District Court
Northern District of Illinois
219 S. Dearborn Street
Chicago, IL 60604

TO: _____

PLEASE TAKE NOTICE that on __August 20__, 20_08_, I have placed the documents listed below in the institutional mail at __Stateville__ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service:

Motion to Reconsider Forma Pauperis Status; 1 original & 2 copies

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 8-20-08

/s/ Lamar Ewing
NAME: Lamar Ewing
IDOC#: N02620
Stateville Correctional Center
P.O. BOX 112
Joliet, IL 60434

Revised Jan 2002